**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **TRANSAMERICA LIFE INSURANCE COMPANY,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO. 5:19-cv-00415-TES** |
| **BERNO I. PETTERSSON, JR. and MARTIE JANE ALBERT,** | |
| *Defendants.* | |

**ORDER**

Plaintiff Transamerica Life Insurance Company ("Transamerica") is the carrier of a $100,000 term life insurance policy that insured Norma Jean Pettersson's life. Mrs. Pettersson died on May 5, 2019. [Doc. 1-30].

Faced with competing claims following the insured's death, Transamerica initiated this statutory interpleader action to determine the correct beneficiary on October 16, 2019. [Doc. 1]. Subsequently, Transamerica paid $104,321.10 into the Court's registry, representing the death benefit of $100,000, interest of $4,228.57, and a premium refund of $92.53. Transamerica now moves the Court for discharge from further liability under the insurance policy; for permanent injunction; for dismissal with prejudice from this interpleader action; and for an award of attorney's fees and costs.

## DISCUSSION

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability[ies] by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). The Eleventh Circuit has explained that there are two stages to the interpleader process. *Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langka*u, 353 F.App'x 244, 248 (11th Cir. 2009). During the first stage, the Court must determine if the interpleader is proper and whether the stakeholder should be discharged from further liability. *Id.* Discharge is appropriate when the stakeholder is disinterested, i.e., "it ha[s] no interest in the outcome of the dispute between the claimants." *Id. at 249.*

Here, the Court finds that Transamerica is a disinterested stakeholder because it has satisfied its obligations under the Policy by paying the Policy benefits into the registry of the Court. *In re Mandalay Shores*, 21 F.3d at 383 ("A successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied"). Accordingly, the Court discharges Transamerica since it has fulfilled its obligations by depositing the funds into the registry of the Court. Further, the Court notes that it has the discretion to permanently enjoin claimants from instituting or prosecuting any further proceedings against the stakeholder concerning

the property involved in the interpleader action. 28 U.S.C. § 2361.[1] Defendants are therefore enjoined from instituting any action against Transamerica with respect to the interpleaded funds until further ordered by the Court.

The Court now turns to Transamerica's request for attorney's fees and costs. Although Eleventh Circuit precedent has afforded district courts discretion to award attorney's fees to certain interpleader plaintiffs, there is also a well-recognized exception to this general rule. In *In re Mandalay Shores*, the Eleventh Circuit recognized that attorney's fees may not be warranted "when a stakeholder's interpleader claim arises out of the normal course of business." *In re Mandalay Shores*, 21 F.3d at 383. Typically, the *Mandalay Shores* court noted, this exception is "applied to insurance companies." *Id*. District courts in this Circuit have followed *In re Mandalay Shores'* guidance and denied attorney's fees awards to "life insurance companies for whom interpleader actions are an entirely predictable and routine cost of doing business for which appropriate mitigating measures can be taken in advance." *Chesapeake Life Ins. v. Tweedy*, No. 5:13-cv-372 (MTT), 2014 WL 12703723, at *1 (M.D. Ga. Jan. 27, 2014) (collecting cases). Simply because the defendants are both proceeding pro se does not mean that attorney's fees are mandated. *See Life Ins. Co. of N. Am. v. Williams*, No. 1:15-cv-62-ELR, 2015 WL

---

[1] "In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." 28 U.S.C. § 2361.

10961833, at *3 (N.D. Ga. May 22, 2015);  *Transamerica Premier Life Ins. Co. v. Covert*, 1:19-cv-110-AW-GRJ, 2020 WL 968691 (M.D. Fla. 2020).

Here, Transamerica argues it incurred costs which were above and beyond the ordinary expenses associated with the normal course of business. Specifically, Transamerica contends that it provided additional services "due to the pro se status of the defendants, including attempting to facilitate settlement discussions among the defendants." [Doc. 21-4, p. 8]. However, the Court is not persuaded by Transamerica's reasoning. As noted above, courts have declined to award attorney's fees in similar cases because pro se defendants are an entirely predictable and routine cost of doing business for life insurance companies. Further, Transamerica does not delineate any particular additional expenses arising solely from these pro se defendants that merit awarding attorney's fees and costs.

Simply put, Transamerica has failed to provide any specific evidence as to how it spent nearly $16,000 in attorney's fees on a routine interpleader case. The billing records it provides are extraordinarily vague as to exactly what each attorney and paralegal did to support such a fee. If this case was truly outside of the normal course of doing business, the Court has great confidence that Transamerica could have easily provided clear evidence of exactly what complexities took this case outside the normal course of business, complete with detailed billing records. This Transamerica did not do.

Thus, the Court finds no reason to require Defendants to pay Transamerica nearly $16,000 in fees.

<u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Transamerica's motion. In sum, the Court:

(a) **DISCHARGES** Transamerica from further liability under Policy No. 42761053;

(b) **ENJOINS** Defendants from instituting any action against Transamerica pertaining to the Policy and the life insurance benefits and interest;

(c) **DISMISSES with prejudice** Transamerica from this interpleader action; and

(d) **DENIES** Transamerica costs and attorney's fees.

**SO ORDERED**, this 1st day of May, 2020.

s/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**