# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **TRANSAMERICA LIFE INSURANCE COMPANY,**  *Plaintiff,*  v.  **BERNO I. PETTERSSON, JR. and MARTIE JANE ALBERT,**  *Defendants.* | **CIVIL ACTION NO.**  **5:19-cv-00415-TES** |

## ORDER TO REASSIGN CASE

Plaintiff Transamerica Life Insurance Company ("Transamerica") is the carrier of a $100,000 term life insurance policy that insured Norma Jean Pettersson's life. Mrs. Pettersson died on May 5, 2019. [Doc. 1-30].

Faced with competing claims following the insured's death, Transamerica initiated this statutory interpleader action to determine the correct beneficiary on October 16, 2019. [Doc. 1]. Subsequently, Transamerica paid $104,321.10 into the Court's registry, representing the death benefit of $100,000, interest of $4,228.57, and a premium refund of $92.53. The Court then entered a Rules 16/26 Scheduling Order [Doc. 16] and even extended it at the request of Defendant Martie Jane Albert. [Doc. 20].

On May 1, 2020, the Court dropped TransAmerica from the case. [Doc. 22]. After the extended discovery expired, the Court held a telephone conference with the parties to discuss how the case would move forward. [Doc. 25].

During the telephone conference, the parties confirmed that neither side had requested a jury trial. The Court then brought up the topic of the parties consenting to have a magistrate judge hear their case. The Court also explained that neither party was required to consent to the assignment. Both parties agreed, on the record, and consented to the Court reassigning the case to a magistrate judge. Out of an abundance of caution, the Court directed the Clerk of Court to send out another consent form for the parties to sign and return. To date, the Court has received the consent form from only Defendant Albert.

Given that the parties unequivocally provided their oral consent to transfer this case to a magistrate judge during a recorded telephone conversation with the Court, the Court finds that the requirements of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 have been satisfied. *See also Kadonsky v. U.S.*, 216 F.3d 499, 502 (5th Cir. 2000), *reh'g and reh'g en banc denied* 234 F.3d 31, *cert. denied*, 531 U.S. 1176. Accordingly, the Court **DIRECTS** the Clerk of Court to reassign this case to a magistrate judge.

**SO ORDERED**, this 3rd day of January, 2021.

s/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**